# United States District Court

## For The District of Wyoming

WILLIAM JOHN LEE,                              )
                                               )
     Plaintiff(s),                        )
                                               )        Civil No. 05-CV-25-D
vs.                                            )
                                               )        Crim. No. 03-CR-112-D
UNITED STATES OF AMERICA,                      )
                                               )
     Defendant(s).                        )

## ORDER DENYING MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

The above-entitled matter came before this Court upon a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. This Court has considered the motion and all other information contained in the court file, and FINDS that the motion should be DENIED.

## BACKGROUND

On May 22, 2003, Mr. Lee was indicted by a grand jury in the United States District Court for the District of Wyoming. He was charged with six counts of illegal activity. Count One alleged that he was involved in a conspiracy to traffic methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Count Two charged that Mr. Lee possessed with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Counts Three through Five alleged that Mr. Lee distributed methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  In the final count, Mr. Lee was charged with being a felon in possession of a firearm, in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Dkt. No. 03-CR-112-D at 1.)

On June 5, 2003, Mr. Lee was arraigned on all six charges and entered not guilty pleas to each charge.  On November 26, 2003, after entering into a written plea agreement with the United States, Mr. Lee entered a guilty plea to Counts One and Six.  Further, Mr. Lee stipulated to a drug quantity of between 1.5 and 5 kilograms for the purposes of calculating his relevant conduct.  The United States agreed to dismiss Counts Two through Five at sentencing.  The United States further agreed to consider filing a motion for downward departure within one year of Mr. Lee's sentencing, in exchange for Mr. Lee's participation in other drug prosecutions.  Such a motion was filed by the government in February of 2005.  The Court granted the motion in June of 2005, reducing Mr. Lee's sentence.  (Dkt. No. 03-CR-112-D at 25, 26, 35, 38, 43.)

Mr. Lee appeared before the Court for sentencing on February 6, 2004.  The Court heard argument from Mr. Lee's counsel regarding objections to the presentence investigation report.  Those objections were denied.  Mr. Lee was sentenced to 168 months imprisonment concurrent on each count, five (5) years of supervised release, a $500 fine and a $200 special assessment.  The Court entered the judgment reflecting its oral pronouncement on February 12, 2004.  Mr. Lee did not appeal his conviction or sentence to the Tenth Circuit.  (Dkt. No. 03-CR-112-D at 28-31.)

On January 18, 2005, Mr. Lee filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.  He claims that a judicial enhancement under the United States Sentencing Guidelines is impermissible based upon the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004).

### ANALYSIS OF CLAIM

Mr. Lee's claim alleges that the manner in which his sentence was calculated contravened his constitutional rights as described by the Supreme Court in *Blakely*.  In order to benefit from an alternate sentencing calculation, however, the *Blakely* holding must be applicable to Mr. Lee's case.

On June 24, 2004, the United States Supreme Court reviewed the Washington State Sentencing Guidelines, which were codified in state statutes, as applied to Ralph Howard Blakely.  The Supreme Court held that a defendant has a constitutional right to have a jury determine all facts legally essential to his or her case.  *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2537-38 (2004).  Any fact that increases the penalty for a crime beyond the statutory maximum sentence must be submitted to a jury and proven beyond a reasonable doubt.  *Id.* at 2356.  A defendant's statutory rights are violated when a judge imposes a greater sentence than the maximum that could be imposed without the challenged factual finding.  *Id.* at 2537.  The Court determined that, for sentencing purposes, the statutory maximum is the maximum sentence a judge could impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  *Id.*

-3-

(discussing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 U.S. 584 (2002)).

*Blakely* was an extension of *Apprendi v. New Jersey*, which held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Blakely* made clear that any circumstance, evidence, or finding that increases a defendant's sentence which is neither admitted by the defendant nor found by the jury beyond a reasonable doubt may not be applied to increase a defendant's sentence.

In *United States v. Booker*, 125 S.Ct. 738 (2005), the United States Supreme Court extended the holding in *Blakely* to the United States Sentencing Guidelines ("Guidelines") stating:

> As Blakely's dissenting opinions recognized, there is no constitutionally significant distinction between the Guidelines and the Washington procedure at issue in that case. This conclusion rests on the premise, common to both systems, that the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges. Were the Guidelines merely advisory – recommending, but not requiring, the selection of particular sentences in response to differing sets of facts – their use would not implicate the Sixth Amendment.

*Id.* at 742. Thus, as previously applied, the Guidelines may violate the Sixth Amendment. The remedy is to remove the requirement that district court judges strictly adhere to the requirements imposed by the Guidelines. *Id.* at 767-68. Rather than reject the Guidelines

completely, the Supreme Court determined that the Guidelines shall be advisory rather than mandatory. *Id.*

The question then became whether the *Blakely* and *Booker* decisions would apply to previously issued sentences, or whether the decisions would be restricted to future application.  In *Booker*, the Supreme Court clearly stated its intent to apply the holding to all cases on direct review: "As these dispositions indicate, we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretations of the Sentencing Act – to all cases on direct review."  *Id.* at 768.  The Supreme Court remained silent as to *Booker*'s applicability on collateral review.

The Tenth Circuit quickly provided guidance on the applicability of *Blakely* and *Booker* in the post-conviction setting.  In *United States v. Price*, 400 F.3d 844 (10th Cir. 2005), the Court held that *Blakely* "does not apply retroactively to convictions that were already final at the time the [Supreme] Court decided *Blakely*, June 24, 2004."  *Price*, 400 F.3d at 849.  Further, in June of 2005, the Tenth Circuit held that "like *Blakely, Booker* does not apply retroactively on collateral review...."  The Tenth Circuit determined that while both cases announced new rules for constitutional purposes, neither rule announced a watershed rule of criminal procedure nor did they add or remove any conduct from the realm of criminal offenses.  As such, these "new rule[s] of criminal procedure 'will not be applicable to those cases which have become final before the new rules [were] announced.'" *United States v. Bellamy,* 411 F.3d 1182, 1186 (10th Cir. 2005)(quoting

*Teague v. Lane*, 489 U.S. 288, 310 (1989)).

The United States Supreme Court issued its decision in *Blakely v. Washington* on June 24, 2004.  The decision in *United States v. Booker* was issued on January 15, 2005.  Mr. Lee's case became final on February 27, 2004 upon the lapsing of the time period for filing a notice of appeal to the Tenth Circuit.  FED. R. APP. P. 4(b)(1).  *See also United States v. Bellamy*, 411 F.3d. 1182, 1186 (10th Cir. 2005).  His case, therefore, was final before the new rules in *Blakely* and *Booker* were announced.  As such, he is unable to benefit from the holding in either case.  Finding no other grounds in Mr. Lee's motion upon which the Court could grant relief, it is appropriate for his motion to vacate to be denied.

## CONCLUSION

This Court has reviewed Mr. Lee's motion and documents in support of his motion under 28 U.S.C. § 2255.  The Court finds that Mr. Lee has not shown that his sentence was imposed in violation of the Constitution or federal law.   His motion to vacate, set aside or correct his sentence should be denied.

The files and the records in this case conclusively illustrate that the Petitioner is not entitled to any relief.  Accordingly, no evidentiary hearing is required.   *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where defendant's § 2255 petition may be resolved on record before court).

NOW, THEREFORE, IT IS HEREBY ORDERED that Mr. Lee's motion under 28 U.S.C. § 2255 is DENIED.  All remaining motions pending before the Court are DENIED

as moot.

      DATED this   3rd   day of April, 2008.


_____

UNITED STATES DISTRICT JUDGE